**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| UNITED FARM WORKERS *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 09-0062 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 70, 71 |
| | : | | |
| HILDA L. SOLIS, | : | | |
| in her official capacity as Secretary of the | : | | |
| U.S. Department of Labor, *et al*., | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
GRANTING INTERVENOR NORTH CAROLINA GROWERS' ASSOCIATION'S
MOTION FOR SUMMARY JUDGMENT

The plaintiffs initiated this action on January 12, 2009, alleging that the Department of

Labor ("DOL") violated the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, when it

promulgated a rule changing the formula used to determine whether the hiring of certain foreign

agricultural workers would affect the wages of American workers. *See generally* Compl. The

plaintiffs filed a motion for a temporary restraining order the same day asking the court to enjoin the

DOL from implementing the rule, *see generally* Pls.' Mot. for TRO, which the court denied on

January 15, 2009, holding that the plaintiffs had failed to demonstrate that they faced certain,

irreparable injury in the absence of injunctive relief, *see generally* Mem. Op. (Jan. 15, 2009). On

February 19, 2010, the court granted the North Carolina Growers' Association ("NCGA") leave to

join in this action as an intervenor-defendant. Minute Order (Feb. 19, 2010).

On June 21, 2009 the plaintiffs filed a motion for partial summary judgment. *See generally*

Pls.' Mot. for Partial Summ. J. Although the defendants and the NCGA opposed the motion,

neither filed a cross-motion. The court denied the plaintiffs' motion on March 22, 2010 holding

that the plaintiffs had failed to demonstrate that the DOL's actions were arbitrary, capricious, an

abuse of discretion or not in accordance with any law. *See* Mem. Op. (Mar. 22, 2010). Specifically, the court determined that the DOL considered the effects of the formula it chose, examined alternative formulas and provided a reasonable explanation for its choice. *See generally id.*

Because the defendants only vaguely referenced dismissal in their opposition, *see* Defs.' Opp'n to Pls.' Mot. for Partial Summ. J. at 31, and all claims except those addressed in the court's March 22, 2010 memorandum opinion were dismissed by the parties, *see* Stipulation of Partial Dismissal (Apr. 23, 2010), the court ordered the parties to submit supplemental briefing on the status of the plaintiffs' claims, *see* Mem. Op. (Mar. 22, 2010) at 12. The parties have complied with that directive and, upon review of their submissions to the court, it is clear that no arguments remain that were not resolved by the court's March 22, 2010 memorandum opinion.[1] *See* Defs.' Mot. for Summ. J. at 9 (arguing that summary judgment is appropriate because "[t]he Court has already ruled that Plaintiffs' claims cannot succeed as a matter of law"); NCGA's Mot. for Summ. J. at 1-2 (seeking summary judgment "[f]or the reasons set forth in this Court's Memorandum Opinion . . . filed on March 22, 2010); Pls.' Opp'n (acknowledging "that no further issues of fact or law remain to be decided"). Accordingly, the court grants the defendants' motion for summary judgment and grants NCGA's motion for summary judgment. An Order and Judgment consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of November, 2010.

RICARDO M. URBINA
United States District Judge

---

[1] In addition to the reasons stated in the March 22, 2010 memorandum opinion, the defendants also argue that the plaintiffs' claims have been mooted by subsequent agency action. Defs.' Mot. at 9-16. Because the court has already ruled on the merits of the plaintiffs' claims, *see generally* Mem. Op. (Mar. 22, 2010), it does not reach this argument.